Andrea Darrow Smith, Esq. (SBN: 265237)
andrea@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
4129 Main Street, Suite B8
Riverside, CA 92501
(951) 784-7770
(619) 297-1022

Attorneys for Plaintiff, Brenda C. Jackson

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Brenda C. Jackson individually and on behalf of others similarly situated Plaintiffs, v. Gordon & Wong Law Group, P.C.; Worldwide Asset Purchasing II, LLC | Case No: '11CV1136 LAB MDD<br><br>**Class Action Complaint For Damages**<br><br>**Jury Trial Demanded** |
| --- | --- |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Brenda C. Jackson, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Gordon & Wong Law Group, P.C. ("Defendant G&W"); Worldwide Asset Purchasing II, LLC ("Defendant Worldwide"), (collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8.   Any and all violations alleged against Defendant G&W are imputed to Defendant Worldwide under the theory of vicarious liability, because the actions undertaken by Defendant G&W were an attempt to collect the alleged debt by an attorney's office on behalf of Defendant Worldwide.

9.   All violations alleged under the FDCPA are alleged as to both Defendants.

10.  All violations alleged under the Rosenthal Act are alleged as to Defendant Worldwide only.

### JURISDICTION AND VENUE

11.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

12.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

13.  Because Defendants do business within the State of California, personal jurisdiction is established.

14.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

15.  Defendants conduct business in San Diego County and are subject to personal jurisdiction in San Diego County, therefore Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

### PARTIES

16.  Plaintiff is a natural person who resides in the State of California.

17.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.  Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly,

HYDE & SWIGART
Riverside, California

1    debts owed or due or asserted to be owed or due another and are therefore

2    debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

3    19.   Plaintiff is a natural person from whom a debt collector sought to collect a

4    consumer debt which was due and owing or alleged to be due and owing from

5    Plaintiff, and is a "debtor" as that term is defined by California Civil Code §

6    1788.2(h).

7    20.   Defendants, in the ordinary course of business, regularly, on behalf of

8    themselves, or others, engage in debt collection as that term is defined by

9    California Civil Code § 1788.2(b), are therefore debt collectors as that term is

10   defined by California Civil Code § 1788.2(c).

11   21.   This case involves money, property or their equivalent, due or owing or

12   alleged to be due or owing from a natural person by reason of a consumer

13   credit transaction.   As such, this action arises out of a consumer debt and

14   "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

15                              **FACTUAL ALLEGATIONS**

16   22.   Sometime before September 15, 2010, Plaintiff is alleged to have incurred

17   certain financial obligations.

18   23.   These financial obligations were primarily for personal, family or household

19   purposes and are therefore a "debt" as that term is defined by 15 U.S.C.

20   §1692a(5).

21   24.   These alleged obligations were money, property, or their equivalent, which is

22   due or owing, or alleged to be due or owing, from a natural person to another

23   person and are therefore a "debt" as that term is defined by California Civil

24   Code §1788.2(d), and a "consumer debt" as that term is defined by California

25   Civil Code §1788.2(f).

26   25.   Sometime thereafter, but before September 15, 2010, Plaintiff allegedly fell

27   behind in the payments allegedly owed on the alleged debt.  Plaintiff currently

28   takes no position as to the validity of this alleged debt.

HYDE & SWIGART
Riverside, California

**Class Action Complaint**                    **- 4 of 13 -**

26. Subsequently, but before September 15, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

27. On or about September 15, 2010 Defendants served Plaintiff with the summons and complaint in Riverside Superior Court collections case TEC088950, by which Defendant Worldwide, through its counsel Defendant G&W attempted to collect the alleged debt.

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

29. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

30. On or about September 21, 2010 Defendant G&W, as counsel for Defendant Worldwide, mailed Plaintiff a dunning letter (hereinafter "the September 21, 2010 letter"). A few days later Plaintiff received that letter.

31. The September 21, 2010 letter notified Plaintiff that she had been served with the summons and complaint in Riverside Superior Court collection case TEC088950 in an attempt to collect the alleged debt.

32. The September 21, 2010 letter contained the following language in bold type "**Call our office at 877-275-4979 to make arrangements to satisfy this debt. If we do not have a signed payment agreement from you, then we will not pause any current process.**"

33. This statement is a materially false and misleading statement in direct conflict with 15 U.S.C. § 1692g(b) which requires that a debt collector cease collection of a disputed debt, or the disputed portion thereof, until it provides the requested verification to the consumer.

///

///

HYDE & SWIGART
Riverside, California

34. There is no requirement under the FDCPA that a consumer dispute the alleged debt, or any portion thereof, *and* sign a payment agreement before the debt collector ceases collection activities.

35. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

36. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

37. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

38. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

39. This initial communication to Plaintiff by Defendant overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g(a), as well as Cal. Civ. Code 1788.17 as it incorporates 15 U.S.C. § 1692g(a), because it would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g.

40. Furthermore, this language overshadows the poorly drafted attempt at a 15 U.S.C. § 1692g notice which is contained in the letter's next paragraph.

///

///

HYDE & SWIGART
Riverside, California

41.  The September 21, 2010 letter next contains this paragraph:

"If, *within thirty days after receiving the initial correspondence*, you do not dispute the validity of the debt or any part of it, this office will assume that the debt is valid. *If this letter is the initial correspondence* and you you notify this office in writing *within thirty days of receiving this letter*, this office will obtain verification of the debt or obtain a copy of a judgment and mail you of copy of such judgment or verification. If you request in writing the name and address of the original creditor *within 30 days after receiving the initial correspondence*, then this office will provide you the name and address of the original creditor, if different from the current creditor." [emphasis added]

42.  However, because the initial communication with Plaintiff was on or about September 15, 2010, six days earlier, the use of the language "the initial correspondence" overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g(a), as well as Cal. Civ. Code 1788.17 as it incorporates 15 U.S.C. § 1692g(a), because it would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g.

43.  This language misstates the requirements of 15 U.S.C. § 1692g(a)-(b) and as a result is misleading to the least sophisticated consumer.

44.  Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion

HYDE & SWIGART
Riverside, California

thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

45.   Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

46.   Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.  Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

47.   Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

CAUSES OF ACTION

CLASS ACTION ALLEGATIONS

48.   Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated (in the name of two classes, "Class One," and "Class Two"). The proposed Class that Plaintiff seeks to represent is defined as follows:

49.   **Class One** consists of: (i) all persons with addresses within the state of California, (ii) who were sent an initial written communication, as anticipated by the FDCPA under 15 U.S.C. § 1692g(a), which was similar or identical to the September 21, 2010 correspondence mailed to Plaintiff and attached hereto as Exhibit A, (iii) in an attempt to collect a consumer debt, (iv) which

HYDE & SWIGART
Riverside, California

1  violated the FDCPA as stated above, and, (v) these communications were not
2  returned undelivered by the United States Postal Service.

3  50.  **Class Two** consists of: (i) all persons with addresses within the state of
4  California, (ii) who were sent an initial written communication, as anticipated
5  by the FDCPA under 15 U.S.C. § 1692g(a) and was therefore incorporated by
6  California's Rosenthal Act, which was similar or identical to the September
7  21, 2010 correspondence mailed to Plaintiff and attached hereto as Exhibit A,
8  (iii) in an attempt to collect a consumer debt, (iv) which violated California's
9  Rosenthal Act as stated above, and, (v) these communications were not
10  returned undelivered by the United States Postal Service.

11  51.  For purposes of the Count I, the FDCPA Claim, the class period is one year
12  prior to the filing of this Complaint.

13  52.  For purposes of Count II, the California's Rosenthal Act, the class period is
14  one year prior to the filing of this Complaint.

15  53.  The Class is composed of thousands of persons, the joinder of which would
16  be impractical. The individual identities of the individual members are
17  ascertainable through Defendant's records or by public notice.

18  54.  There is a well-defined community of interest in the questions of law and fact
19  involved affecting the members of the Class.  The questions of law and fact
20  common to the Class predominate over questions affecting only individual
21  class members, and include, but are not limited to, the following:

22      a.  Whether Defendants violated the Fair Debt Collection Practices Act,
23          15 U.S.C. §§ 1692 et seq.;
24      b.  Whether Defendant Worldwide violated the Rosenthal Fair Debt
25          Collection Practices Act, Cal. Civ. Code §§ 1788 et seq.;
26      c.  Whether the Class is entitled to the remedies available to Plaintiffs in
27          the FDCPA;
28      d.  Whether the Class is entitled to the remedies available to Plaintiffs in

HYDE & SWIGART
Riverside, California

the Rosenthal Act;

e.  Whether the Class is entitled to declaratory relief;

f.  Whether the Class is entitled to injunctive relief;

g.  Whether the Class  is entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

h.  Whether the Class is entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the Rosenthal Act; and

i.  Whether the Class is entitled to any other remedies.

55.  Plaintiff will fairly and adequately protect the interests of the class.

56.  Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

57.  Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

58.  A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with Federal and State Law.   The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00 and an additional $1,000.00 under the Rosenthal Act. Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

59.  Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

60.  Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

///

///

HYDE & SWIGART
Riverside, California

# COUNT I

## AS TO ALL NAMED DEFENDANTS

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

61.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

62.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

63.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

# COUNT II

## AS TO DEFENDANT WORLDWIDE

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

64.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

65.  The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

66.  As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's

HYDE & SWIGART
Riverside, California

fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant Worldwide.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant Worldwide for:

   a.   An award of statutory damages related to all members of Class One, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   b.   An award of costs of litigation and reasonable attorney's fees related to litigation involving members of Class One, pursuant to 15 U.S.C. § 1692k(a)(3);

   c.   An award of statutory damages related to all members of Class Two, pursuant to Cal. Civ. Code § 1788.30(b);

   d.   An award of costs of litigation and reasonable attorney's fees related to litigation involving members of Class Two, pursuant to Cal. Civ. Code § 1788.30(c); and

   e.   Such other or further relief as the Court deems proper.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant G&W for:

   a.   An award of statutory damages related to all members of Class One, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   b.   An award of costs of litigation and reasonable attorney's fees related to litigation involving members of Class One, pursuant to 15 U.S.C. § 1692k(a)(3);

   c.   Such other or further relief as the Court deems proper.

///
///
///
///

HYDE & SWIGART
Riverside, California

1

**JURY TRIAL DEMANDED**

2   67.   Pursuant to the seventh amendment to the Constitution of the United States of

3          America, Plaintiff is entitled to, and demands, a trial by jury.

4

5   Respectfully submitted,

6                                                    **Hyde & Swigart**

7

8   Date: May 23, 2011                               By: /s/ Joshua B. Swigart
                                                      Joshua B. Swigart
9                                                     Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HYDE & SWIGART**
Riverside, California

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Brenda C. Jackson individually and on behalf of others similarly situated

**DEFENDANTS**
Gordon & Wong Law Group, P.C.; Worldwide Asset Purchasing II, LLC

(b) County of Residence of First Listed Plaintiff **Riverside**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **San Francisco**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108
619.233.7770

Attorneys (If Known)

**'11CV1136 LAB MDD**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq
Brief description of cause:
Unfair Debt Collection Practices (FDCPA)

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 5,000,000 +

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/23/11

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____